# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MINDY COOK, <br><br> Plaintiff, <br><br> v. <br><br> APPLIED DATA FINANCE, LLC d/b/a PERSONIFY FINANCIAL, <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 1:18-cv-00022 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, MINDY COOK ("Plaintiff"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, APPLIED DATA FINANCE, LLC d/b/a PERSONIFY FINANCIAL ("Personify") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq. Plaintiff also brings this action seeking redress for violations of the Illinois Automatic Telephone Dialers Act ("ATDA") pursuant to 815 ILCS 305/1.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA and ATDA claims under 28 U.S.C. §1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Personify conducts business in the Northern District of Illinois and all of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in Illinois.

6. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

7. Personify is a Delaware corporation engaged in the business offering loans to individuals and soliciting its services to consumers across the country, including consumers in the State of Illinois. Personify's principal place of business is located at 15373 Innovative Drive, Suite 250, San Diego, California 92128 and its Illinois registered agent is Illinois Corporation Service C located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

8. Personify states, "Our online loan application is simple and fast. Behind the scenes though we're doing some complicated calculations and comparisons. Some of your numbers might not look good to another lender. Even so, you could still be a good candidate for an unsecured personal loan from us."[1]

## FACTS SUPPORTING CAUSE OF ACTION

9. In October 2017, Plaintiff started the application process to receive a loan from Personify, but changed her mind thereafter when she decided that Personify was not the company she wanted to do business with.

---

[1] https://www.personifyfinancial.com/about (Last accessed on December 15, 2017.)

10. On or around October 30, 2017, Plaintiff began receiving unwanted pre-recorded solicitation calls on her cellular telephone ending in 3525 from Personify attempting to follow-up on the loan application Plaintiff started.

11. Plaintiff was the sole subscriber, owner, possessor, and operator of this cellular telephone number. Plaintiff is and has always been financially responsible for this cellular phone and its services.

12. The pre-recorded messages Plaintiff heard during the calls Personify placed to her cellular phone is indicative of the fact that the calls were placed using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. §227(a)(1).

13. Feeling annoyed by the fact that Personify constantly greeted her with a pre-recorded message and also by the fact that she wasn't ever able to reach a live agent to demand that the calls cease, Plaintiff responded to the solicitation e-mails from Personify demanding that the calls to her cellular phone cease.

14. Plaintiff received Personify's calls from the telephone number 888-578-9546.

15. Upon information and belief, the above numbers are phone numbers utilized by Personify during its soliciting activities. Personify has contacted Plaintiff's cellular phone with the purpose of soliciting its business.

16. Notwithstanding Plaintiff's request that Personify cease placing calls to her cellular phone, Personify placed or caused to be placed no less than 12 harassing phone calls to Plaintiff's cellular phone ending in 3525 between October 2017 and the present day, including, but not limited to, the following dates and times: [2]

- November 6, 2017 at 4:28 p.m., from telephone number 888-578-9546;

---

[2] The list of calls is not exhaustive. The list includes the phone calls that were documented by Plaintiff.

- November 6, 2017 at 7:34 p.m., from telephone number 888-578-9546;
- November 7, 2017 at 11:59 a.m., from telephone number 888-578-9546;
- November 7, 2017 at 7:20 p.m., from telephone number 888-578-9546;
- November 8, 2017 at 1:09 p.m., from telephone number 888-578-9546;
- November 8, 2017 at 6:33 p.m., from telephone number 888-578-9546;
- November 9, 2017 at 11:12 a.m., from telephone number 888-578-9546;
- November 9, 2017 at 5:27 p.m., from telephone number 888-578-9546;
- November 10, 2017 at 9:24 a.m., from telephone number 888-578-9546;
- November 10, 2017 at 9:24 a.m., from telephone number 888-578-9546;[3]
- November 10, 2017 at 11:46 a.m., from telephone number 888-578-9546; and
- November 10, 2017 at 7:44 p.m., from telephone number 888-578-9546.

17. Plaintiff's demand that Personify's phone calls cease were ignored and Personify continued its phone harassment campaign.

18. Upon information, belief, and in light of the frequency of the calls, Personify utilized an ATDS, as defined by 47 U.S.C. §227(a)(1), to place the unwanted and unsolicited calls to Plaintiff's cellular phone.

19. The telephone number ending in 3525 that Personify called was assigned to cellular services for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

20. The calls Personify placed to Plaintiff's cellular phone were not placed for emergency purposes pursuant to 47 U.S.C. §227(b)(1)(A)(i).

**DAMAGES**

21. Plaintiff has suffered and continues to suffer from emotional distress, mental anguish, and anxiety as a direct result of Personify's unlawful solicitation practices.

---

[3] Personify placed two calls in succession on November 10, 2017. The calls connected to Plaintiff's cellular phone with call durations of 5 seconds and 2 seconds, respectively.

22. Personify's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

23. Personify's phone harassment campaign and illegal solicitation activities have caused Plaintiff actual harm, including but not limited to, physical harm, invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, increased risk of personal injury due to the distraction caused by the phone calls, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

24. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to cease Personify's solicitation tactics, incurring costs and expenses.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Personify placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

27. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

28. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and

5

dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

29. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

30. Upon information and belief, the predictive dialing system employed by Personify transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

31. Personify violated the TCPA by placing no less than 12 calls between October 2017 through the present day to Plaintiff's cellular phone, after Plaintiff demanded that Personify cease placing calls to her cellular phone.

32. As pled above, Plaintiff was severely harmed by Personify's solicitation calls to her cellular phone.

33. Upon information and belief, Personify has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

34. Upon information and belief, Personify knew its solicitation techniques were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

35. Personify, through its agents, representatives and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

36. Pursuant to 47 U.S.C. §227(b)(3)(B), Personify is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Personify's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff MINDY COOK requests that this Honorable Court:

a. Declare Personify's phone calls to Plaintiff to be violations of the TCPA;

b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

c. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

37. Plaintiff restates and reallages paragraphs 1 through 24 as through fully set forth herein.

38. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

39. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

40. Personify is engaged in commerce in the State of Illinois with regard to Plaintiff. Personify specializes offering financial services, which is an activity within the stream of commerce and utilized in its regular course of business.

41. Personify violated 815 ILCS 505/2 by engaging in unfair acts in its attempts to solicit its business to Plaintiff.

**a. Unfairness**

42. It was unfair for Personify to solicit its business to Plaintiff through harassing phone calls to her cellular phone attempting to induce her contracting for Personify's services.

43. It was unfair for Personify to place or cause to be placed no less than 12 phone calls to Plaintiff's cellular phone between October 2017 through the present day, without her consent.

44. It was unfair for Personify to continue placing calls to Plaintiff after she demanded that the calls cease.

45. Personify's unfair conduct is inherently oppressive as Plaintiff had no choice but to submit to the numerous harassing phone calls to her cellular phone.

46. Moreover, Personify's unfair conduct is against public policy because it needlessly subjects consumers to unsolicited calls, resulting in significant harm in the form of invasion of privacy.

47. Upon information and belief, Personify systematically places unsolicited and harassing phone calls to consumers in Illinois in order to aggressively solicit its business to increase its profitability at the consumers' expense.

48. Upon information and belief, placing unsolicited and harassing phone calls to Illinois consumers is an unfair business practice willfully employed by Personify and is done on a large scale.

49. Moreover Personify's unlawful and unfair solicitation efforts gives it an unfair competitive advantage over business that solicit lawfully (companies who legally place calls with prior consent, as authorized, and who lawfully cease calling upon requests to stop).

50. As alleged above, Plaintiff was substantially harmed by Personify's misconduct.

51. An award of punitive damages is appropriate because Personify's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the harassing phone calls.

WHEREFORE, Plaintiff MINDY COOK requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Personify;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff her punitive damages in an amount to be determined at trial;
d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

### COUNT III – VIOLATIONS OF THE ILLINOIS AUTOMATIC TELEPHONE DIALERS ACT

52. Plaintiff restates and reallages paragraphs 1 through 24 as through fully set forth herein.

53. Under the Illinois Automatic Telephone Dialers Act ("ATDA") it is unlawful to use an autodialer:

   a. To dial numbers determined by successively increasing or decreasing integers. *See* 815 ILCS 305/15(c); *see also* 815 ILCS 305/30(a) (a violation of §15 is a violation of the ATDA); and

   b. To play a prerecorded message. *See* 815 ILCS 305/30.

54. Personify made phone calls to Plaintiff without her consent.

55. Personify made the calls using equipment that is capable of storing telephone numbers and which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message.

56. Personify made the calls to solicit goods and/or services.

57. Personify violated the ATDA when it used an autodialer to dial numbers determined by successively increasing or decreasing integers pursuant to 815 ILCS 305/15(c).

58. Personify violated the ATDA by playing a prerecorded message placed by an autodialer without the Plaintiff's consent pursuant to 815 ILCS 305/30.

59. By making or causing to be made telephone calls utilizing an autodialer, Personify violated the ATDA. As a result of Personify's conduct, Plaintiff suffered actual damages in the form of monies paid to receive calls on her cellular phone, and under 815 ILCS 305/30, are entitle to trebled actual damages, statutory damages in the amount of $500 per violation, attorney's fees and costs.

WHEREFORE, Plaintiff MINDY COOK requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Personify;
b. Award Plaintiff her actual damages in an amount to be determined at trial;
c. Award Plaintiff punitive damages in an amount to be determined at trial;
d. Award Plaintiff her reasonable attorney's fees and costs pursuant to 815 ILCS 305/30(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: January 2, 2018                                      Respectfully Submitted,

s/ Marwan R. Daher                                          s/Omar T. Sulaiman

Marwan R. Daher, Esq.                                       Omar T. Sulaiman, Esq.
Counsel for Plaintiff                                       Counsel for Plaintiff
Sulaiman Law Group, Ltd.                                    Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                       2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148                                     Lombard, Illinois 60148
(630) 575-8181 x109 (phone)                                 (630) 575-8181 x108 (phone)
(630) 575-8188 (fax)                                        (630) 575-8188 (fax)
mdaher@sulaimanlaw.com                                      osulaiman@sulaimanlaw.com